O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. HILL,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 14-05770-DFM<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLANTIFF'S MOTION FOR EAJA FEES AND COSTS |

**I.**

**INTRODUCTION**

　　On April 6, 2015, the Court approved the parties' stipulation to voluntary remand and remanded the case for further administrative proceedings. Dkt. 20. On July 23, 2015, Plaintiff filed a petition for attorney fees, costs, and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 23 ("Petition"). Plaintiff seeks an award of $3,973.52 in attorney's fees based on 18.6 hours of attorney time and 3.2 hours of paralegal time. Petition at 2-3. The Commissioner opposes Plaintiff's application for attorney's fees, arguing that special circumstances make an award of EAJA

fees unjust. Dkt. 24 ("Opposition"). On July 29, 2015, Plaintiff filed a reply. Dkt. 25 ("Reply"). Plaintiff's reply included a request for an additional four hours of attorney time for preparing the reply, bringing Plaintiff's total request to $4,733.76. Id. at 11.

Having considered Plaintiff's petition, the Commissioner's opposition, and Plaintiff's reply, as well as the records and pleadings, the Court finds that no special circumstances exist that warrant the denial of EAJA fees. Thus, Plaintiff is entitled to an award of reasonable attorney's fees in the amount of $4,733.76.

## II.
## DISCUSSION

### A. Plaintiff Is Entitled to Attorney's Fees Because No Special Circumstances Exist That Make An Award Unjust

The Commissioner contends that special circumstances make an award of fees unjust. Specifically, the Commissioner argues that (1) Plaintiff's counsel falsely implied that he attempted to settle the fees issue before filing the Petition; (2) Plaintiff received two extensions to submit Plaintiff's portion of the joint stipulation and then missed the deadline by nine days; and (3) Plaintiff failed to raise the issue that compelled the Commissioner to stipulate to voluntary remand. Opposition at 3-6.

EAJA provides that a court shall award reasonable attorney's fees, costs, and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); accord Pierce v. Underwood, 487 U.S. 552, 559 (1988); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

First, the Commissioner contends that Plaintiff's counsel's "misleading lack of candor" is a special circumstance making an award of EAJA fees unjust, citing the fact that counsel did not offer to settle this fee dispute until after the Petition was filed. Opposition at 3-4. The Court disagrees. As an initial matter, the Court's case management order does not make settlement discussions mandatory. Dkt. 7 at 3 ("The parties are encouraged to engage in settlement discussions at any time during the pendency of the action, but such discussions are not mandatory."). More importantly, as Plaintiff points out, the Court's case management order contemplates that settlement discussions about fees may take place after a petition is filed rather than before. Id. at 8-9. As a result, nothing in Plaintiff's counsel's actions constitutes a special circumstance that would make an award of EAJA fees unjust.

Next, the Commissioner argues that an award of fees would be unjust because Plaintiff obtained two extensions to submit Plaintiff's portion of the joint stipulation and even then missed the deadline by nine days. Opposition at 4-5. But requests for extensions of time are common in many cases, including Social Security disability appeals, and often benefit both parties, as demonstrated by the fact that the Commissioner stipulated to both requests. The fact that at least one of the extensions appears to have been related to the terminal illness of Plaintiff's counsel's spouse makes the Commissioner's argument even weaker. And while the Court does not condone counsel's failure to submit Plaintiff's portion of the joint stipulation by the extended deadline, the Commissioner does not explain how that nine-day delay itself would make an award of fees unjust. As a result, the Court is not persuaded that the extensions and missed deadline amount to a special circumstance warranting a denial of the Petition.

Last, the Commissioner also claims that Plaintiff's portion of the joint stipulation did not identify the dispositive issue that compelled the

Commissioner to stipulate to a voluntary remand and therefore an award of fees would be unjust. Opposition at 6-7. Specifically, the Commissioner contends that Plaintiff only argued that the case should be remanded because the Administrative Law Judge ("ALJ") relied on vocational expert ("VE") testimony that conflicted with the Dictionary of Occupational Titles ("DOT"), yet the Commissioner was compelled to voluntarily remand because the ALJ failed to properly address all the medical evidence of record. Id. at 6. But the remand stipulation demonstrates that the Commissioner stipulated to a remand to allow the ALJ to "obtain supplemental testimony" from a VE and to "ensure that the VE clarifies any conflicts between his or her testimony and the information in the [DOT]." Dkt. 20 at 2. It thus appears to the Court that Plaintiff's portion of the joint stipulation raised a dispositive issue. Although the stipulation to voluntary remand also required the ALJ to properly address all the medical evidence of record, the Court is not persuaded that Plaintiff's failure to raise that issue warrants a denial of EAJA fees.

Accordingly, the Court finds that the Commissioner has failed to show that any special circumstance exists to make an award of EAJA fees unjust. See Gutierrez, 274 F.3d at 1258. Because the Commissioner does not contest either the amount of time expended or counsel's hourly rate, the Court finds that EAJA fees are warranted in the full amount of $4,733.76.

**B.     EAJA Fees May Be Paid Directly to Plaintiff's Counsel**

Separately, the Commissioner argues that if any EAJA fees are to be awarded, the Court should order the fees paid to Plaintiff notwithstanding Plaintiff's assignment of any such fees to her counsel. See Opposition at 7-8. Contrary to the government's argument, Astrue v. Ratliff, 560 U.S. 586 (2010), does not hold that plaintiff's counsel is not a proper payee for an EAJA award. Ratliff held that because an EAJA award is payable to the litigant as opposed to the litigant's attorney, it is subject to a government offset to satisfy a pre-

4

existing debt owed by the litigant to the United States. Id. at 589 ("We hold that [an EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."). Like this Court, a number of other courts in this district have concluded that Ratliff does not preclude direct payment to plaintiff's counsel where there has been a valid assignment, subject to such an offset. See, e.g., Mang v. Colvin, No. 14-904, 2015 WL 5470339, at *2-3 (Sept. 17, 2015). The Court will accordingly order payment of fees to Plaintiff's counsel, subject to any offset to which the government is legally entitled.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED AS FOLLOWS: (1) Plaintiff's EAJA Petition is GRANTED; (2) Plaintiff is awarded EAJA fees in the amount of $4,733.76; and (3) the Commissioner shall pay such amounts, subject to any offset to which the government legally is entitled, directly to Plaintiff's counsel.

Dated: March 4, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge